1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:13-cr-00366-KJM

12              Plaintiff,

13        v.                                ORDER

14   DASHAWN WILLIAMS,

15              Defendant.

16

17

18            The government requests that the court file under seal (1) the protective order

19   regarding dissemination of the unredacted grand jury transcripts originally dated November 7,

20   2013 (the Protective Order), to which defendant proceeding pro se now agrees; (2) the

21   government's request to seal; and (3) this order.  As explained below, the court DENIES these

22   requests.

23            Federal Rule of Criminal Procedure 6(e)(6) provides, "[r]ecords, orders, and

24   subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as

25   necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."  Rule

26   6(e) secrecy extends beyond grand jury transcripts and includes summaries and discussions of

27   grand jury proceedings.  *See United States v. Index Newspapers LLC*, 766 F.3d 1072, 1091 (9th

28   Cir. 2014).  But only a limited set of circumstances can deny the public's access to criminal

                                        1

1  proceedings.  *Press-Enterprise Co. v. Superior Court of California, Riverside Cnty. (Press-*

2  *Enterprise I)*, 464 U.S. 501, 510 (1984) (citing *Global Newspaper Co. v. Superior Court*, 457

3  U.S. 596, 606–07 (1982)).  The strong presumption of openness can only be overcome by "an

4  overriding interest based on findings that closure is essential to preserve higher values and is

5  narrowly tailored to serve that interest."  *Id.*

6          Here, the government argues the Protective Order, request to seal and the sealing

7  order should be filed under seal because otherwise confidential information would be revealed,

8  namely "the contents of and proceedings relating to a secretly convened grand jury."  Request to

9  Seal at 2.  It is true the Supreme Court has held the nature of the contents and proceedings of a

10 grand jury provide a compelling reason to maintain secrecy.  *Press-Enterprise Co. v. Superior*

11 *Court of California for Riverside Cnty (Press-Enterprise II)*, 478 U.S. 1, 9 (1986).  But other than

12 providing a barebones statement simply saying that public filing "will violate the confidentiality

13 and sensitivity applicable" to grand jury proceedings, the government provides no argument or

14 explanation as to exactly how public filing of the documents here will impermissibly pierce the

15 secrecy attendant grand jury proceedings when these documents contain no substantive

16 information relating to the grand jury.  *See Index Newspapers LLC*, 766 F.3d at 1091.  The

17 government's filing falls short of providing the good cause required by the applicable law.

18          Accordingly, the court DENIES the government's requests to seal the Protective

19 Order and request to seal, and files this order on the public docket.

20          The Clerk of the Court shall return to the government the Protective Order and

21 request to seal as provided by Local Rule 141(e)(1).  The government may file these documents

22 on the public record, or resubmit them with a request to seal that addresses the issues raised

23 above.

24          IT IS SO ORDERED.

25  DATED:  December 28, 2015.

26

27 _____
   UNITED STATES DISTRICT JUDGE

28

                                    2