IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DASHAWN WILLIAMS,<br><br>      Defendant. | 2:13-cr-366 KJM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT I OF THE INDICTMENT |

   On August 3, 2016, the court heard oral argument on defendant DaShawn Williams' Motion to Dismiss Indictment (the "Motion"), which sought to dismiss Count I of the indictment against him. (See Dkt. No. 113.) The court offered its tentative ruling at the August 3 hearing and then took the matter under submission; it confirmed its ruling with clarification at a subsequent status conference on August 31, 2016. (Dkt. Nos. 130, 131.) Transcripts for the August 3 and 31 hearings have been prepared and are on the court's docket. (Dkt. Nos. 136, 138.) This order memorializes the court's denial of the Motion. While the court and the parties have had access to the grand jury transcript, that transcript remains under seal as provided by Federal Rule of Criminal Procedure 6. This order is issued in summary, generalized terms to avoid disclosure of details of the grand jury proceedings.

   The Motion first raises a series of contentions that the government engaged in misconduct before the Grand Jury; in essence, the Motion contends that the proceeding before the Grand Jury was permeated by unfairness. The court construes these contentions as arising under Federal Rule of

1

Criminal Procedure 12(b)(3)(A)(v), alleging "error[s] in the grand jury proceeding," and finds no errors occurred in the grand-jury proceeding that warrant dismissal. The court finds that the government engaged in a proper investigative proceeding, and that the Grand Jury understood its role in the proceeding and performed its duties in evaluating the government's position. In particular, the court finds as follows:

- The contention that defendant was indicted on a weak evidentiary basis is denied as premature. Defendant may raise challenges to the evidence at trial.

- Nothing before the court supports the contention that perjury occurred before the Grand Jury. The court has reviewed the record currently before it and is satisfied there was no misrepresentation of the key facts, by government counsel or a government witness. This case therefore is unlike that of United States v. Basurto, 497 F.2d 781 (9th Cir. 1974), cited in the Motion, in which the Ninth Circuit found that the government knowingly relied on material perjured testimony. Insofar as defendant has argued that a witness's testimony is inconsistent with underlying evidence, the Grand Jury had the opportunity to assess the witness's credibility and voted to indict defendant. As noted, defendant may seek to challenge the evidence at trial.

- The contention that the government prejudiced defendant by using any particular descriptive words before the Grand Jury is denied. The court has determined that the Assistant U.S. Attorney used words that are commonly used to describe the acts relevant here, and did not mislead the Grand Jury with her choice of words. See United States v. Cederquist, 641 F.2d 1347, 1353 (9th Cir. 1981).

- The contention that the Assistant U.S. Attorney offered improper testimony is denied. The court finds based on its review of the record that the Assistant U.S. Attorney did not provide testimony.

- The contention that the government improperly relied on hearsay evidence is denied. The evidentiary rules against hearsay do not apply in the grand-jury setting. See Fed. R. Evid. 1101(d)(2).

/////

/////

- The contentions that the testifying witness offered improper expert testimony are denied. The rules of evidence concerning expert qualifications and testimony also do not apply in the grand-jury setting. See Fed. R. Evid. 1101(d)(2).

- The contention that the Assistant U.S. Attorney asked improper "accusatory" questions is denied, based on the nature of the proceedings and the court's review of the record. The court finds that the government did not engage in vouching before the Grand Jury. To the extent it applies, United States v. Brooks, 508 F.3d 1205 (9th Cir. 2007), provides a definition of vouching that is not met here. The court further finds that United States v. McKenzie, 678 F.2d 629 (5th Cir. 1982), cited by defendant as a principal support for his "accusatory questions" contention, does not support a different outcome, for the court finds that the government did not usurp the Grand Jury's role in this matter.

- The contention that the government did not provide the Grand Jury with countervailing evidence is denied as misdirected. The government did not have a duty to present exculpatory evidence to the Grand Jury; on the record before it the court finds the government did not mislead the Grand Jury. See United States v. Navarro, 608 F.3d 529 (9th Cir. 2010).

- The contention that the Grand Jury was biased, or voted to indict defendant based on a foregone conclusion, is denied. The court has reviewed the record and finds that the transcript of the Grand Jury proceedings demonstrates the Grand Jury actually understood its role and performed its duties. See Cederquist, 641 F.2d at 1347 (rejecting contention that atmosphere in the grand-jury proceeding caused prejudice).

- The contention that the government committed errors giving rise to cumulative prejudice is denied, also based on the court's review of the record. The cases of United States v. Samango, 607 F.2d 877 (9th Cir. 1979) and United States v. Al Mudarris, 695 F.2d 1182 (9th Cir. 1983) are distinguishable because, unlike in those cases, the facts in this case do not give rise to cumulative error.

The Motion also raises challenges to the legal adequacy of Count I, which the court construes as arising under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for "failure to state an offense". The court finds that Count I does not fail to state an offense. In particular, the court finds as follows:

3

- The language of Count I is consistent with the language of the charging statute, 18 U.S.C. § 2119(2).  It provides defendant with notice of the charge and enables him to plead Double Jeopardy.
- Insofar as the Motion argues that "intent" is not sufficiently alleged, the court agrees with the government that under Supreme Court precedent, the "intent" element is properly alleged.  See Holloway v. United States, 526 U.S. 1 (1999).  As noted, defendant may challenge the evidence at trial.
- The contention that Count I improperly alleges that serious bodily injury resulted from the alleged offense is denied.  The court has reviewed United States v. Hicks, 103 F.3d 837 (9th Cir. 1996), cited in the Motion as the principal support for this contention, and finds that Hicks does not support it.  Count I alleges that serious bodily injury resulted to a third-party victim, not the owner of the stolen car, and the court finds that Hicks is not dispositive with respect to these allegations as Hicks did not reach the question raised by this case.

For the foregoing reasons, the court denies the Motion.

SO ORDERED.

DATED:  November 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

4