McGREGOR W. SCOTT
United States Attorney
JILL M. THOMAS
OWEN ROTH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00366 KJM |
| Plaintiff, | **EXPEDITED** ORDER |
| v. | DATE: May 8, 2018<br>COURT: Hon. Kimberly J. Mueller |
| DASHAWN WILLIAMS, | |
| Defendant. | |

**EXPEDITED ORDER**

On May 3, 2018, in a second request, counsel for the defendant, Dashawn Williams, moved this court for a determination of mental competency pursuant to 18 U.S.C §§ 4241(a) and 4242(a). (Dkt. No. 240.) Defense counsel noticed a request to file under seal a declaration outlining his reasons for this second request. (Dkt. No. 241; 241-2.) On May 3, 2018, the government responded to defense counsel's motion for a second competency evaluation requesting that the Court grant defense counsel's request. (Dkt. No. 242.) In its response, the government requested that the Court order that the defendant be evaluated at an appropriate Bureau of Prisons medical facility. (Dkt. No. 242.) On May 7, 2018, during a case status conference, the Court granted defense counsel's request to seal his declaration. On the record, counsel for the defendant reiterated his belief that he has reasonable cause to

believe that Mr. Williams is suffering from a mental disease or defect rendering him unable to understand the proceedings or effectively assist counsel in his defense. The Court agreed and orally GRANTED defense counsel's motion for a determination of mental competency. The Court also GRANTED the government's request to transport the defendant to an appropriate Bureau of Prisons medical facility for the mental competency evaluation. Thus, in accordance with the applicable statutes and the specific directions below, the Defendant is hereby ORDERED to submit to a mental competency examination pursuant to 18 U.S.C. §§ 424l(b) and 4242(a) in a designated Bureau of Prisons medical facility.

The defendant is presently detained on one count of carjacking in violation of 18 U.S.C. § 2119; one count of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The defendant was ordered detained on the federal charges on November 12, 2013. A status conference is currently scheduled for **June 25, 2018**, to allow time for the examination ordered herein. Based on the applicable statute, defendant's length of time in custody and this being a second order for a mental competency evaluation, this order includes an **<u>EXPEDITED</u>** request to the Bureau of Prisons, Office of Medical Designation and Transportation (OMDT), that the defendant be designated as soon as possible and transported forthwith to the designated facility. (<u>See</u> Dkt. No. 226.)

Pursuant to 18 U.S.C. §§ 4241, 4242, and 4247(b) and (c), IT IS ORDERED AND DIRECTED AS FOLLOWS: That a qualified medical professional be designated promptly by the BUREAU OF PRISONS (BOP), and hereby is, appointed, authorized, and directed by the Court to examine the mental condition of Defendant, Dashawn Williams, and all other psychological/psychiatric reports prepared in this matter along with any supplemental information provided by defense counsel, and to return a written report to the Court, counsel for Defendant, and the United States Attorney for the Eastern District of California of his/her findings as soon as practicable and on the schedule provided by the statute, in which report the medical professional shall state his/her opinion on the following matters:

(a) Whether Defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding;

(b)     Whether Defendant has a present rational, as well as factual, understanding of the proceedings against him; and,

(c)     Whether Defendant can be made competent to assist in the proceedings against him after receiving treatment and/or medication over a reasonable period of time.

IT IS FURTHER ORDERED that the mental competency report prepared by BOP shall be provided to the Court with copies provided to Counsel for the Parties, and shall include:

(a)     Defendant's history and present symptoms;

(b)     A description of the psychiatric, psychological, and medical tests that were employed and their results;

(c)     The examiner's findings; and

(d)     The examiner's opinions as to diagnosis, prognosis, and whether Defendant Williams is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense.

Defendant Williams is hereby committed to the custody of the Attorney General for a reasonable period, **in no event to exceed forty-five (45) days** with any extensions granted, for placement in a suitable facility that unless impracticable is the BOP facility closest to the court. 18 U.S.C. § 4247(b). In making such examination of Defendant, the designated medical professional shall be authorized and empowered to provide such treatment and medication as he/she deems necessary and proper to assist him/her in making the evaluation required by this Order.

IT IS FURTHER ORDERED that two (2) certified copies of this Order be given to the United States Attorneys' Office and that once BOP designates the suitable facility to conduct Defendant's examination, the Government shall give Defendant prompt notice about which facility has been selected.

The Court finds that the ends of justice served by allowing the parties and the Court to determine the Defendant's mental competency, that is, whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense, outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly, IT IS FURTHER ORDERED, the delay occasioned by the parties ongoing efforts to ascertain the Defendant's mental competency shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 and Local Code N.

IT IS SO ORDERED.

DATE: May 9, 2018.

_____
UNITED STATES DISTRICT JUDGE

EXPEDITED ORDER FOR MENTAL COMPETENCY EVALUATION

4