IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:13-CR-00366-KJM |
| Plaintiff, | ) ) | **ORDER REGARDING COMPETENCY EVALUATION** |
| v. | ) ) | |
| DASHAWN WILLIAMS, | ) ) | |
| Defendant. | ) ) ) ) | |

### ORDER

On May 15, 2023, Defendant Dashawn Williams appeared with Assistant Federal Defender Douglas Beevers for a scheduled admit/deny hearing concerning violations of his supervised release. (ECF No. 392.) During the hearing, Government counsel stated that the Government had spoken with the assigned Probation Officer and acknowledged the probation officer has concerns about Defendant's mental health. *Id*. The Court heard from the Probation Officer, who described a recent and significant decline in Defendant's mental health. The Court inquired as to whether defense counsel observed the same concerns. Defense counsel requested that any competency examination be completed at the Metropolitan Detention Center in Los Angeles.

/////

Defendant previously submitted to a competency examination in his underlying criminal case, over which this Court presided. On January 16, 2018, the parties stipulated to a competency examination, which the Court ordered. ECF Nos. 223, 226. On May 3, 2018, Defendant's prior attorney filed a renewed motion for a competency evaluation. ECF No. 240. Defendant was ultimately found competent. ECF No. 272. On October 15, 2021, the Court held an evidentiary hearing at which the Court watched videotape evidence of Defendant's post-arrest statements made with respect to a July 31, 2021 supervised release violation. ECF No. 357.

After consideration of the comments raised during the hearing and the record to date, the Court hereby finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, the Court hereby **ORDERS** that:

(1) Defendant is committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility for a reasonable period, not to exceed 30 days;

(2) The U.S. Marshal Service is directed to transfer him to a suitable facility for examination, with this Court recommending that he be placed at MDC Los Angeles, subject to space availability and security concerns;

(3) Defendant shall submit to a psychiatric and/or psychological examination by an examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18 U.S.C. § 4247(b);

(4) The Bureau of Prisons examiner shall prepare a psychiatric and/or psychological report, file the report with the Court, and provide copies to defense and Government counsel;

(5) Said report shall include: (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests employed and

their results; (c) the examiner's findings; (d) the examiner's opinions as to diagnosis, prognosis; and (e) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(6) Defendant, through his attorney, shall forward copies of any and all available hospital, medical, psychological, and psychiatric reports to the examiner;

(7) A copy of this order shall be provided to the U.S. Marshal's Office, which shall make necessary arrangements for the transport and examination of Defendant;

(8) A copy of this Order shall be provided to the U.S. Bureau of Prisons;

(9) Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination;

(10) In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2)";

(11) Time is excluded from May 15, 2023, through June 26, 2023, pursuant 18 U.S.C. § 3161(h)(1)(A) (Local Code A) and 18 U.S.C. § 3161(h)(4) (Local Code N); and

/////
/////

(12)   This matter is scheduled for a status hearing on June 26, 2023 at 9:00 a.m.

**IT IS SO ORDERED.**

DATED:  May 18, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE